Entered: October 15th, 2024
Signed: October 11th, 2024

**SO ORDERED**



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

In re:

**JIN WOO KIM,**

Debtor.

Case Number: 21-12870-MCR
(Chapter 7)

### MEMORANDUM OPINION

Before the Court are the Application for Compensation and Reimbursement of Expenses [Dkt. No. 75] (the "Application") filed by Janet M. Nesse, the Chapter 7 trustee appointed to administer this bankruptcy case (the "Trustee"), the objection [Dkt. No. 77] filed by the United States Trustee (the "U.S. Trustee"), the objection [Dkt. No. 80] filed by interested party Sun Kyung Kim ("Ms. Kim"), the Trustee's response [Dkt. No. 81] to the objection filed by the U.S. Trustee, the supplemental brief [Dkt. No. 88] filed by Ms. Kim, and the Trustee's response [Dkt. No. 89] to Ms. Kim's supplemental brief. The Trustee also filed a Line Requesting a Hearing on the Application [Dkt. No. 90].

The Court has reviewed all of the submissions, finds that the papers adequately set forth the parties' arguments, and finds that a hearing would not aid the decisional process. *See* Md. L. Bankr. R. 9013-1(b) ("Except as otherwise provided in the Bankruptcy Code, the Federal

Bankruptcy Rules, these Rules or by the Court, the Court may decide a motion on the papers filed."). For the reasons set forth below, the Court will approve the Application, overrule the objections of the U.S. Trustee and Ms. Kim, and allow the Trustee compensation in the amount of $21,423.65 for services rendered and reimbursement of expenses in the amount of $407.00.

I.  RELEVANT BACKGROUND

   A.  The Bankruptcy Case

On April 29, 2021, Jin Woo Kim (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 1] (the "Petition"). The Debtor's bankruptcy schedules, which were filed with the Petition, disclose the Debtor's ownership interest in the real property known as 17448 Line Church Road, Delmar, DE 19940 (the "Property"). The Debtor's schedules state that the Debtor owns the Property, a poultry farm, as a joint tenant with Ms. Kim, his former spouse.

   B.  The Trustee's Adversary Proceeding Against Ms. Kim

On June 8, 2021, the Trustee filed a *Complaint to Sell Real Property Free and Clear of any and all Liens and Interests of Co-Owner Pursuant to 11 U.S.C. § 363(h) (17488 Line Church Rd., Delmar, DE 19940)* (the "Complaint"), thereby commencing Adversary Number 21-00128-MCR against Ms. Kim (the "Adversary Proceeding") and seeking Court authority to sell the Property. Ms. Kim did not respond to the Complaint. Consequently, on July 28, 2021, the Court entered a *Default Judgment Authorizing Sale of Property Pursuant to 11 U.S.C. § 363(h) Free and Clear of any and all Liens and Interests of Co-Owner (17488 Line Church Rd., Delmar, DE 19940)* [Adv. No. 21-00128-MCR, Dkt. No. 12], thereby permitting the Trustee to sell the Property free and clear of Ms. Kim's interest. The Court closed the Adversary Proceeding on August 12, 2021.

C. The Trustee's Sale and Disbursement Motions

Approximately one month later, on September 8, 2021, the Trustee filed her *Motion for Authority to Sell Real Property Free and Clear of any and all Liens and Interests Pursuant to 11 U.S.C. § 363(f) (17488 Line Church Rd., Delmar, DE 19940)* [Dkt. No. 36] (the "Motion to Sell"). On October 5, 2021, the Trustee filed a supplement to the Motion to Sell [Dkt. No. 39], confirming that the Debtor and Ms. Kim owned the Property as tenants in common as opposed to joint tenants as previously represented to the Court. No objections were filed to the Motion to Sell. On October 6, 2021, the Court entered an Order granting the Motion to Sell [Dkt. No. 40], and on October 25, 2021, the Trustee filed a *Report of Sale* [Dkt. No. 44] (the "Report of Sale") confirming that she consummated the sale on October 22, 2021 for $350,000.00. The Report of Sale states that, after the application of credits and payment of various costs, taxes, and expenses associated with closing, the Trustee received proceeds of $54,888.16.

On August 8, 2022, after withdrawing a prior motion, the Trustee filed a *Renewed Motion for Authority to Disburse Funds to Sun Kyung Kim from Proceeds of Sale* [Dkt. No. 59] (the "Disbursement Motion"). The Disbursement Motion requested authority for the Trustee to pay Ms. Kim the amount of $27,444.08, representing one-half of the net sale proceeds, in full and complete satisfaction of any claims of Ms. Kim to the proceeds. Ms. Kim did not respond to the Disbursement Motion, and the Court entered an order granting the Disbursement Motion [Dkt. No. 62] on August 29, 2022.

D. The Trustee's Application for Compensation

On April 17, 2024, the Trustee filed the Application seeking payment of $21,463.77 in compensation based on total disbursements made in this case in the amount of $363,472.91. In calculating the amount of her commission pursuant to the formula set forth in Section 326(a), the

Trustee included the sale proceeds paid to Ms. Kim from the sale of the Property when calculating the total amount of disbursements.

  E.  <u>The U.S. Trustee's Objection to the Trustee's Application for Compensation</u>

On the same day, the U.S. Trustee filed its objection to the Application, arguing that the Trustee improperly included the portion of the sale proceeds paid to Ms. Kim when she calculated the total disbursements made in this case.[1] The U.S. Trustee relied on *In re Eidson*, 481 B.R. 380 (Bankr. E.D. Va. 2012), where the United States Bankruptcy Court for the Eastern District of Virginia addressed "whether the Trustee is entitled to a commission under Bankruptcy Code Section 326(a) on proceeds that were distributed to the Debtor's non-filing wife for her interest in property that the Trustee sold pursuant to Section 363(h) of the Bankruptcy Code." *Id.* at 381. In disallowing the trustee's commission on the interest of the debtor's wife in the property, the *Eidson* court reasoned that the specific language of Section 363(j) – which requires a trustee to distribute sale proceeds less costs and expenses, not including any compensation of the trustee, according to the co-owner's interest in the property sold – controls over the broader language of Section 326(a) – which provides that a trustee's commission is payable on all moneys disbursed to parties in interest other than the debtor.

The U.S. Trustee recognizes that there is a line of cases in other jurisdictions rejecting the holding in *Eidson*. Those courts determined that a trustee may include in her calculation of a commission the portion of the sale proceeds owned by a non-debtor. The U.S. Trustee cites to *In re Rybka*, 339 B.R. 464 (Bankr. N.D. Ill. 2006) and *Hed v. Murphy (In re Invent Res., Inc.)*, 518

---

[1] The U.S. Trustee also challenges the Trustee's inclusion of a refund in the amount of $802.47 in the total disbursements as opposed to subtracting the refund from the total receipts. In her response to the U.S. Trustee's objection, the Trustee concedes that her commission should be based on total disbursements of $363,472.91 instead of $364,275.38. With this adjustment, the Trustee maintains that her commission should be $21,423.65 instead of $21,463.77 as requested in the Application. *See* Dkt. No. 81 (Trustee's response to U.S. Trustee's objection) at p. 2.

B.R. 169 (D. Mass. 2014) but distinguishes the facts in those cases from the facts of the instant case in that *Rybka* did not address Section 363(j) and *Invent Resources* involved the sale of intellectual property to which the limiting language of Section 363(j) does not apply.

On May 6, 2024, the Trustee filed her response to the U.S. Trustee's objection. The Trustee maintains that the inclusion of the disbursement to Ms. Kim when calculating her commission under Section 326(a) was not an error and was appropriately included in the Application. The Trustee argues that Section 326(a) dictates that a trustee's compensation is based on "all moneys disbursed or turned over in a case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a).

The Trustee argues that Section 326(a) is silent as to whether the "moneys disbursed" includes both bankruptcy estate funds and non-estate funds and that "parties in interest" includes a co-owner because a co-owner has a legally protected interest that could be affected by a bankruptcy proceeding and holds a direct financial stake in the outcome of the case. *See Brandt v. H.K. and Shanghai Banking Corp. (In re China Fishery Grp. Ltd. (Cayman)*), No. 16-11895 (JLG), 2018 WL 6824074, at *3 (Bankr. S.D.N.Y. Dec. 27, 2018) (holding that "a party will qualify as a 'party in interest' under section 1109 when it has a direct financial stake in the proceeding in which it seeks to be heard"). The Trustee states that the plain language of Sections 363(j) and 326(a) supports her position and that the *Eidson* court unnecessarily attempted to reconcile these two Bankruptcy Code provisions when no such reconciliation is necessary because Section 363(j) sets forth a calculation for the amount distributed to a non-debtor co-owner of property sold while Section 326(a) sets forth a calculation for the trustee's compensation.

F. <u>Ms. Kim's Objection to the Trustee's Application for Compensation</u>

On May 6, 2024, Ms. Kim filed an objection to the Application, adopting the U.S. Trustee's objection and arguing that she should not be penalized by the sale of the Property and the burden of the administrative expense claim sought by the Trustee. On June 6, 2024, Ms. Kim filed a supplemental brief in support of her objection to the Application, maintaining that the Trustee improperly charged Ms. Kim the amount of $9,865.00 – 50% of the closing costs associated with the sale of the Property – and stating that she should have received $36,194.08 of the sale proceeds. In other words, Ms. Kim argues that the bankruptcy estate should have paid the entirety of the closing costs relating to the sale of the Property.

On June 13, 2024, the Trustee filed a response to Ms. Kim's objection and her supplemental brief, contending that Ms. Kim is confused by the plain language of Section 363(j) and maintaining that Ms. Kim is not entitled to any additional funds.

II. <u>RELEVANT STATUTORY PROVISIONS</u>

Two Bankruptcy Code provisions are at the crux of this dispute. The first is Section 326(a), which reads in pertinent part:

> In a case under chapter 7 … the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326. 11 U.S.C. § 330(a)(7).

The second is Section 363(j), which reads:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j).

III. <u>ANALYSIS</u>

The outcome of this dispute is dictated by the canons of statutory interpretation. The task of applying and interpreting a statute "begins where all such inquiries must begin: with the language of the statute itself." *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). The statutory language "is also where the inquiry should end, for where … the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* (citation omitted). For more than a century, the Supreme Court has instructed that a court's job is to apply the law as written and leave policy determinations to Congress. *See, e.g., N.Y. Cnty. Nat'l Bank v. Massey*, 192 U.S. 138, 146 (1904) ("We are to interpret statutes, not to make them."). The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted).

A plain reading of Sections 363(j) and 326(a) reveals that the two provisions are not mutually exclusive as the U.S. Trustee appears to suggest. Rather, a court can – and should – apply both provisions in a situation such as the one presented here because they involve different calculations and have different purposes.

Section 363(j) governs the *distribution of sale proceeds* to the bankruptcy estate and any co-owners of the property sold. The statute is clear that any such distributions shall consist of "the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale," according to the respective interests of the bankruptcy estate and any co-owner. 11 U.S.C. § 363(j). Section 363(j) confirms that the trustee allocates the costs of sale – but not her compensation – to all owners and distributes the net sale proceeds to the bankruptcy estate and other property owners according to their percentage interests. Nothing in this statute precludes a trustee from being compensated, limits a trustee's compensation, or impacts the amount of a trustee's compensation. It simply leaves the trustee to seek compensation only from the bankruptcy estate separate and apart from the sale transaction and the distribution of the net sale proceeds.

Section 326(a) governs *the calculation of the trustee's compensation*. This statute is equally clear that the trustee's compensation is a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The trustee seeks allowance and payment of compensation from the bankruptcy estate as a whole, not from proceeds of the sale of one particular piece of property. Nothing in Sections 363(j) and 326(a) suggests that the statutes are mutually exclusive as implied by the U.S. Trustee.

There is no dispute that Ms. Kim is a "party in interest" for purposes of Section 326(a). *See* Md. L. Bankr. R. 9001-1(k) (defining "Party in Interest" to include a co-owner of property of the estate). Pursuant to Section 363(j), Ms. Kim was entitled to her 50% of the sale proceeds less the costs of sale and that is what the Trustee paid her. Ms. Kim's assertion that she was improperly charged 50% of the closing costs is belied by the plain language of Section 363(j), and frankly, it

defies logic that a co-owner should be able to benefit from a trustee's sale of property and not be required to contribute her share of the closing costs. The settlement statement filed with the Trustee's Report of Sale accounts for all of the costs and expenses of the sale and reflects that the net sale proceeds total $54,888.16. The Trustee divided the net sale proceeds equally between the bankruptcy estate and Ms. Kim based on their respective ownership interests in the property and paid 50% the net sale proceeds, *i.e.*, $27,444.08, to Ms. Kim. The Trustee did exactly as mandated by Section 363(j) and did not deduct her compensation from Ms. Kim's share. The statute could not be more clear that closing costs and expenses are deducted from the sale proceeds *before* distributions are made to the bankruptcy estate and any co-owners. Furthermore, Ms. Kim did not object to the Disbursement Motion or the amount of her distribution after the sale so she is precluded from doing so now in connection with the Application under the doctrines of equitable estoppel and laches.

The Application seeks compensation based on the sum of the disbursements made in this case pursuant to the formula set forth in Section 326(a). As explained by the United States Bankruptcy Court for the Eastern District of New York:

> [W]here a trustee liquidates property in which the debtor and a third party hold an interest, the trustee is fulfilling his or her obligation to liquidate assets for the benefit of creditors, and make a distribution to the creditors of the debtor. 11 U.S.C. § 363(h), (j). Whatever moneys the trustee disburses, whether estate property or not, is included in the formula. The fact that a non-debtor is receiving non-estate property as a result of the sale of the jointly owned asset does not change the application of this statute. The Court agrees that the statute applies equally in this case, where the Trustee is obligated under the Bankruptcy Code to act as Plan administrator. Central among the Trustee's obligations is to distribute Plan assets to the proper beneficiaries. This obligation entails disbursing non-estate funds, which funds fall within the term "moneys" as set forth in § 326(a), regardless of whether the moneys are property of the bankruptcy estate.

*In re Robert Plan Corp.*, 493 B.R. 674, 686-87 (Bankr. E.D.N.Y. 2012), *rev'd sub nom. U.S. Dep't of Lab. v. Kirschenbaum*, 508 B.R. 257 (E.D.N.Y. 2014), *aff'd sub nom. In re Robert Plan Corp.*, 777 F.3d 594 (2d Cir. 2015) (footnote omitted).[2]  This passage makes clear that the distribution of the sale proceeds is made pursuant to Section 363(j), while the calculation of a trustee's compensation is an entirely separate statutorily-based calculation dependent on the total disbursements made by the trustee under Section 326(a).

The only item excluded from the Section 326(a) calculation is moneys disbursed to the debtor.  This makes sense.  The bankruptcy estate and Ms. Kim both received the benefit of the Trustee's efforts to sell the Property.  The Trustee, in turn, is entitled to compensation based on all disbursements made from those sale proceeds excluding only disbursements made to the Debtor.  To the extent the United States Bankruptcy Court for the Eastern District of Virginia reached a different conclusion in *Eidson*, this Court respectfully disagrees.  The language of Section 326(a) is broadly worded and includes "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."  11 U.S.C. § 326(a).  The statute is clear and unambiguous and the Court will not read limitations into it that are belied by the statute's plain language.

Although distinguished by the U.S. Trustee because the sale at issue involved intellectual property outside the purview of Section 363(j), the Court finds that *Invent Resources* offers helpful guidance.  In that case, the United States District Court for the District of Massachusetts explained:

> Collier on Bankruptcy provides that when a trustee sells estate property co-owned with a non-debtor, the crucial test for calculating the trustee commission is "whether the particular property has been justifiably administered during the bankruptcy case and whether the

---

[2] The decision in *Robert Plan Corp.* was reversed on grounds related to the jurisdiction of the bankruptcy court to award fees from an ERISA employee benefit plan.  *U.S. Dep't of Lab. v. Kirschenbaum*, 508 B.R. 257, 270 (E.D.N.Y. 2014).

> trustee has properly performed services in relation to that property." 3 Collier on Bankruptcy ¶ 326.02[1][f][iii] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also In re Blair*, 329 B.R. 358, *3, 2005 WL 2009303 (9th Cir. BAP June 20, 2005) (adopting the Collier test). In *In re Aho*, the Bankruptcy Court for the Northern District of California rejected the argument that a trustee may not, in calculating the commission, include the share of sale proceeds owned by parties other than the debtor. No. 05–14608, 2013 WL 6133944, at *1 (Bankr. N.D. Cal. Nov. 21, 2013). The court held that the 326(a) commission should be calculated without reference to the source of funds disbursed, because no matter how the monies entered the trustee's control, they were nonetheless disbursed by the trustee. *Id*. The court emphasized that without the considerable expertise and effort of the trustee, the sale of the estate property would not have occurred; under such circumstances, all disbursements should be considered in calculating the commission. *Id*.

*Invent Resources*, 518 B.R. at 176-77. The Court finds that it is of no import that *Invent Resources* involved a sale of intellectual property outside the purview of Section 363(j) because, as already discussed, Ms. Kim's portion of the sale proceeds was not reduced by any compensation paid to the Trustee. The U.S. Trustee's argument that the amounts paid to Ms. Kim from the sale proceeds should not be included when calculating the Trustee's compensation was expressly rejected by the *Invent Resources* court because the trustee in that case justifiably administered the property, properly performed services relating to the property, and distributed funds to the co-owner. The same is true here. The Trustee administered the Property for the benefit of creditors and the bankruptcy estate, properly performed the services necessary to sell the Property, and distributed Ms. Kim's share to her as co-owner of the Property. The Trustee complied with Section 363(j) and is entitled to compensation under the formula set forth in Section 326(a).

The Court also disagrees with the U.S. Trustee's position that *Rybka* should be distinguished from the instant case because *Rybka* did not address Section 363(j) and the "limiting language contained therein." *Rybka* addressed whether the portion of a non-debtor co-owner's sale proceeds paid directly from the title company at closing should be included in the calculation

of the trustee's compensation when the funds were never deposited into the trustee's account. The *Rybka* court stated:

> [T]he Court finds that the Trustee's services were properly performed in relation to the whole of the Property. Because actual monies were disbursed to [the co-owner] for her one-half share, those funds should equitably be counted as part of the Trustee's compensation for her services in relation to the sale of the Property. Thus, the Debtor's objection on this point is overruled. To hold for the Debtor would effectively provide her with a windfall and inequitably penalize the Trustee for not processing all of the net sale proceeds through her account and then paying [the co-owner] from that account. Such a result would not change the outcome with respect to [the co-owner]. Rather, it would unfairly reward the Debtor for the work performed by the Trustee.

*Rybka*, 339 B.R. at 471. The *Rybka* court did not need to address Section 363(j) to make its analysis applicable here. The calculation of proceeds due to a co-owner (under Section 363(j) or otherwise) is an entirely separate issue from the calculation of a trustee's compensation under Section 326(a). A co-owner can receive his or her share of the sale proceeds in accordance with Section 363(j) and those proceeds can then be included in the calculation of a trustee's compensation because they were "disbursed" by the trustee as described in Section 326(a). The statutes do not present an "either/or" scenario. In situations such as the one presented here, they both apply and must be enforced.

IV.   CONCLUSION

For these reasons, the Court will approve the Application and award the Trustee compensation in the amount of $21,423.65 for services rendered and reimbursement of expenses in the amount of $407.00. An order consistent with this Memorandum Opinion will be issued contemporaneously herewith.

cc:     Debtor – Jin Woo Kim
       Debtor's Counsel – James Y. Victory
       Chapter 7 Trustee – Janet M. Nesse
       Chapter 7 Trustee's Counsel – Justin P. Fasano
       Office of the United States Trustee – Lynn A. Kohen
       All Creditors and Parties-in-Interest

**END OF MEMORANDUM**